IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MARY A. GARCIA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-CV-3273 |
| | ) | |
| ILLINOIS STATE POLICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

On August 22, 2005, Plaintiff filed her Complaint in the Northern District of Illinois and paid all filing fees in full. On November 1, 2005, the matter was transferred to the Central District of Illinois by Judge Mark Filip. Since the filing of the Complaint, Plaintiff has not taken steps to perfect service on Defendants ".Terry", "Jane Doe", and Pamela Gureski. Federal Rule of Civil Procedure 4(m) directs that a Plaintiff must serve a Defendant within 120 days of filing of the Complaint. The 120 days for service lapsed December 20, 2005. Plaintiff was reminded of the 120-day rule by this Court's text order of January 6, 2006 and advised if service was not perfected, the case was subject to dismissal for want of prosecution as to these Defendants. Plaintiff filed a motion [28] requesting additional time to perfect service on Defendant Pamela Gureski and was granted until March 10, 2006. As of this date, service has not been perfected on

Defendants ".Terry", "Jane Doe", and Pamela Gureski.  The remainder of the named Defendants have entered their appearance and are represented by counsel.  The Court understands that in the future if the case survives, Plaintiff may be allowed to file an amended complaint re-naming these three Defendants, but at this time, based on the record and in order to clean up the docket in this case, the Court recommends that Plaintiff's Complaint as to Defendants ".Terry", "Jane Doe", and Pamela Gureski be dismissed for want of prosecution.

Plaintiff is advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after being served with a copy of this Report and Recommendation.  See 28 U.S.C. § 636(b)(1).  Failure to file a timely objection will constitute a waiver of objections on appeal.  <u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538, 539 (7th Cir. 1986).  See Local Rule 72.2.

ENTER:  March 15, 2006

    FOR THE COURT:    s/ Byron G. Cudmore

                                               _____
                                               BYRON G. CUDMORE
                                               UNITED STATES MAGISTRATE JUDGE